**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STEPHANIE RANDOLPH,

           Plaintiff,

vs.                                               Case No. 8:13-cv-1404-T-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

           Defendant.
_____/

### **OPINION AND ORDER**[1]

### **I. Status**

Stephanie Randolph ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of "[b]ulging disk in lower back and 2 in neck/HBP," and "[l]ower back, left knee problems[.]" Transcript of Administrative Proceedings (Doc. Nos. 12-13; collectively "Tr." or "administrative transcript"), filed September 5, 2013, at 170, 245.[2] On June 25, 2009, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of December 1, 2008 in the DIB application and September 1, 1991 in the SSI application. Tr. at 120-23,

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 23), filed February 11, 2014; Reference Order (Doc. No. 24), entered February 14, 2014.

[2] Even though the administrative transcript was filed as two separate documents on the Court's electronic filing system (Doc. Nos. 12 and 13), the pagination assigned by the Administration does not start over with the second document. All citations to the administrative transcript are to the pagination assigned by the Administration.

124-26.  Throughout most of the administrative process and in this Court, Plaintiff has alleged a disability onset date of December 1, 2008.  Plaintiff's applications were denied initially, see Tr. at 67, 68A, 81-84, 85-88, and were denied upon reconsideration, see Tr. at 68, 68B, 89-91.[3]

An Administrative Law Judge ("ALJ") held a hearing on September 21, 2011, during which Plaintiff, who represented herself, and a vocational expert testified.  Tr. at 411-26.  At the time of the hearing, Plaintiff was forty-four (44) years old.  Tr. at 415.  On October 6, 2011, the ALJ issued a written Decision finding Plaintiff not disabled through the date of the Decision.  Tr. at 49-62.  Plaintiff then retained an attorney to represent her with respect to an appeal of the ALJ's Decision.  Tr. at 44-45.  Through counsel, Plaintiff submitted additional evidence in the form of a brief to the Appeals Council and some medical records.  Tr. at 7, 12, 396-97, 398-410.  On March 29, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 8-11, thereby making the ALJ's Decision the final decision of the Commissioner.  Plaintiff commenced this action on May 29, 2013 under 42 U.S.C. § 405(g) and § 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff, through counsel, challenges the ALJ's Decision in two (2) ways.  See Memorandum in Opposition to the Commissioner's Decision (Doc. No. 21; "Pl.'s Mem."), filed February 7, 2014, at 5-8.  Plaintiff contends first that the ALJ "erred by failing to fully

---

[3] The administrative transcript also contains applications for DIB and SSI filed on October 19, 2007 and October 26, 2007, respectively, in both of which Plaintiff alleged a disability onset date of June 21, 2006.  Tr. at 113-15, 116-19.  Although not entirely clear, it appears these applications were denied initially, see Tr. at 65, 69-72, 73-75, 76-79, and efforts to pursue them were abandoned at some point.  There are other applications that were filed in the past as well.  See Tr. at 166-67.

and fairly develop the record," and second that the ALJ erred in "rel[ying] on a response from a vocational expert [("VE")] to a hypothetical question which was vague." Pl.'s Mem. at 5, 7 (emphasis and capitalization omitted). Defendant on April 8, 2014 filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 25; "Def.'s Mem.") responding to Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 51-61. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 1, 2008, the alleged onset date." Tr. at 51 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: obesity, mild degenerative disc disease of the lumbar spine and degenerative joint disease of the left knee (osteoarthritis)." Tr. at 51 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 57 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except she is limited to no climbing of ladders, ropes, or scaffolds, occasional climbing of ramps and stairs, and occasional balancing, stooping, kneeling, crouching, and crawling. [Plaintiff] also requires an option to sit, stand, or walk a few steps away from her workstation throughout the workday, and she needs to avoid concentrated exposure to vibrations or uneven terrain and no exposure to unprotected heights. Finally, pain would interfere with [Plaintiff's] concentration, persistence, and pace for about 5 minutes each workday hour.

Tr. at 57. At step four, the ALJ found Plaintiff "unable to perform any past relevant work." Tr. at 60 (emphasis and citation omitted). At step five, after considering Plaintiff's age (forty one (41) years old on the alleged disability date), education ("limited"), work experience, and RFC, the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 60 (emphasis and citations omitted). Specifically, relying on the testimony of the VE, the ALJ identified jobs such as "Charge Account Clerk," "Surveillance System Monitor," and "Para-mutual Ticket Taker[.]" Tr. at 61.

The ALJ concluded, therefore, that Plaintiff "has not been under a disability . . . from December 1, 2008, through the date of th[e D]ecision." Tr. at 61 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff challenges the ALJ's Decision in two (2) ways. Each argument is addressed in turn.

### A. Fully and Fairly Developing the Record

Plaintiff first contends that the ALJ abrogated his duty to fully and fairly develop the record, especially in light of Plaintiff being unrepresented at the hearing. Pl.'s Mem. at 5-7. "It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Id. (citing 20 C.F.R. § 416.912(a), (c)). To remand a case for the ALJ's failure to fully develop the record, there must be a showing that the claimant's right to due process has been violated because of such failure. Brown v. Shalala, 44 F.3d 931, 934-35 (11th Cir. 1995). "If there has been a waiver of right to counsel, [a] claimant must show 'clear prejudice or unfairness' caused by lack of counsel in order to prove that he was denied a full and fair hearing and is entitled to a remand to the [Commissioner]." Kelley v. Heckler, 761 F.2d 1538, 1540 n.2 (11th Cir. 1985) (citations omitted).[5] One example is when the record contains evidentiary

---

[5] Conversely, if a claimant does not validly waive the right to counsel, "the ALJ is under a 'special duty' to develop a full and fair hearing by conscientiously probing into all relevant facts." Kelley, 761 F.2d at 1540 n.2 (citations omitted). The United States Court of Appeals for the Eleventh Circuit has stated the following regarding the two standards and their application: "These two standards appear to differ only in degree. Both require that the ALJ fully develop the record. Both require a showing of prejudice to necessitate a remand to the [Commissioner] for reconsideration." Id. The difference is the specificity of prejudice that must be shown. Id.

Here, Plaintiff does not challenge whether she validly waived her right to counsel. See generally Pl.'s Mem. Indeed, Plaintiff did validly waive that right after being provided with a list of various legal organizations that could assist her, Tr. at 109-10, and being advised at the hearing of the right to be represented, Tr. at 413-14.

gaps that may have caused the ALJ to reach an unfair determination due to the lack of evidence. See Brown, 44 F.3d at 935.

Upon review of the administrative transcript, including the transcript of the hearing, the undersigned concludes that the ALJ did not abrogate his duty to fully and fairly develop the record, and in any event, Plaintiff has not shown prejudice such that a remand is required for further proceedings. During the hearing, the ALJ confirmed that he was aware of Plaintiff's various healthcare providers and their specialties. Tr. at 416, 419-21. The ALJ allowed Plaintiff to testify regarding her then-upcoming appointments, Tr. at 417, 420, and her medications, Tr. at 417. The ALJ admitted into the record some medical evidence that Plaintiff brought to the hearing. Tr. at 421. Finally, the ALJ advised Plaintiff at the end of the hearing that if she were able to obtain additional reports from her doctors, "it would be a good idea to send those in to [the Administration]." Tr. at 425. After the hearing and after the ALJ issued his written Decision, Plaintiff obtained counsel to represent her in pursuit of her appeal of the Decision. Tr. at 44-45. Plaintiff's counsel submitted some additional medical documentation. Tr. at 7, 12, 396-97, 398-410. Notwithstanding, the appeals council denied review. Tr. at 8-11.

Further, Plaintiff does not attempt to show that she was prejudiced by the ALJ's alleged failure to develop the record. Indeed, Plaintiff is unable to show her due process rights were violated, which is required to obtain a remand. See Brown, 44 F.3d at 934-35. For due process rights to be implicated, the record would have to contain evidentiary gaps, see id. at 935; given that the Appeals Council accepted additional evidence and made it part of the record, no such gaps exist. Ultimately, it was incumbent upon Plaintiff at the

administrative level to prove she was disabled, see Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a), (c)), and she did not do so.

## B. Hypothetical to VE

Plaintiff next contends that the ALJ erroneously relied upon the VE's testimony because the hypothetical presented to the VE "contained a vague limitation of having to need the option to walk a few steps away from the workstation, at will." Pl.'s Mem. at 8. According to Plaintiff, it is important to state the number of steps she could take because "one or two steps away from the workstation may not affect [Plaintiff's] ability to perform the jobs enumerated by the [VE]," but "five or six" might. Id.

In the fifth step of the sequential evaluation process, an ALJ may pose a hypothetical question to a VE as part of his determination of whether the claimant can obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)). In determining an individual's RFC and later posing a hypothetical to a VE that includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citations omitted). "In order for a [VE]'s

testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)).

Here, Plaintiff challenges as vague the ALJ's instruction in the hypothetical to the VE that Plaintiff would need to be able "to sit, to stand or to walk a few steps away from her back to the work station throughout the workday."  Tr. at 423 (quoting ALJ's instruction to VE).  After imposing that and other limitations, the ALJ asked the VE if he had any questions, to which the VE responded, "No, Your Honor." Tr. at 423.  The VE obviously understood the limitation, and the undersigned does not find it to be impermissibly vague. In short, the hypothetical that was presented to the VE was sufficiently clear and is supported by substantial evidence.

### V. Conclusion

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **AFFIRMING** the Commissioner's decision.

2. The Clerk of Court is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on July 24, 2014.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

-9-